FILED

2019 Dec-06 PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

ROY S. MOORE

                    Plaintiffs,

v.

GUY CECIL, et al

                    Defendants.

**Case No: 4:19-cv-1855**

## PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO BE ADMITTED *PRO HAC VICE*

Predictably, and regrettably, it comes as no surprise that Defendants would continue their smear tactics of not just Plaintiff, former Chief Justice of the Alabama Supreme Court Roy Moore, but now also his counsel. This is part and parcel to the world we all now live in. Attack the messenger with vicious, scorched earth, *ad hominem* attacks and hope that they stick.

Nonetheless, in the case of Larry Klayman, Esq., an attorney continuously in good standing with both the Florida Bar and District of Columbia Bar for forty-two and forty years, respectively, this tactic will not succeed. During this long career, first as a litigator in Miami, Florida with the then leading litigation law firm of Blackwell, Walker, Gray, Powers, Flick and Hoehl, and later as a trial attorney and prosecutor with the Antitrust Division of the U.S. Department of Justice, at which he served on the trial team that succeeded in breaking up the AT&T telecommunications monopoly, Mr. Kalyman

founded Judicial Watch, Freedom Watch, and became a candidate for the U.S. Senate in his home state of Florida *(see* <u>Exhibit 1 </u>– Biography). The Defendants' tactics concerning Mr. Klayman are transparent.

In Mr. Klayman's long legal career he has had issues with some judges, mostly very politicized ones on the left appointed by Democrat presidents, as he is known for his very strong conservative advocacy on behalf of his clients. Of the cited cases, Mr. Klayman was sanctioned in only a few of them, over a span of 42 years. (By way of contrast both Marsha Clark and Johnnie Cochran were sanctioned multiple times in just one case, the famous O.J. Simpson prosecution, also a very controversial proceeding). And, Mr. Klayman has never been suspended for even one day during his legal career, although there are a few old disciplinary proceedings pending which have not reached a conclusion. Thus, for Defendants to suggest and/or represent that these matters are concluded, and outrageously that Mr. Klayman be disbarred, is offensive, misleading and false. Like anyone, Mr. Klayman is entitled to due process of law and the bottom line is that he has not been disciplined at this time.

Further, contrary to the patently false implication and statements of Defendants, Mr. Klayman has also never been sanctioned or disciplined by any state bar for his advocacy before a judicial officer, including the Keller and Chin cases, both of whom manifested extra-judicial bias and prejudice toward him and his clients.

Mr. Klayman, as a seasoned and strong litigator who without fear takes on controversial cases and causes  against powerful interests, such as those who harmed Plaintiff Moore, was chosen by the former chief justice to represent him because in light

of Defendants' alleged unethical and illegal conduct, and blatant animus and political dirty tricks, all of which caused him and his family great damage -- which is continuing -- Mr. Klayman was the best choice to represent his interests. Indeed, he is the only lawyer, save for local counsel Melissa Isaak, who would accept representation, obviously knowing that anyone who dares to represent Plaintiff Moore would be slimed with the same or similar venomous attacks as leveled here.

There is a strong presumption under the law that Plaintiff Moore should be able under the Sixth Amendment to have counsel of his choice. The Supreme Court has expressly recognized a strong presumption in favor of granting applications to appear *pro hac vice*. "We do not question that the practice of courts in most States is to allow an out-of-state lawyer the privilege of appearing upon motion, especially when he is associated with a member of the local bar. In view of the high mobility of the bar, and also the trend toward specialization, perhaps this is a practice to be encouraged." *Leis v. Flynt*, 439 U.S. 438, 441-442 (U.S. 1979).

The Eleventh Circuit has set a very high bar for denial of a *pro hac vice* application by an attorney who is in good standing with a state bar.

> Admission to a state bar creates a presumption of good moral character that cannot be overcome merely by the whims of the District Court. An applicant for admission *pro hac vice* who is a member in good standing of a state bar may not be denied the privilege to appear except "on a showing that in any legal matter, whether before the particular district court or in another jurisdiction, he has been guilty of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the
> court."

*In re Evans*, 524 F.2d 1004, 1007 (5th Cir. 1975) (quoting *Sanders v. Russell*, 401 F.2d 241, 247-48 (5th Cir. 1968) (adopted verbatim as binding precedent in *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1559 (11th Cir. 1997) (describing therein the standard set out in *Evans* to be a "substantive standard").[1]

A lesser standard applies when disruptive conduct affects the courtroom proceedings before a district judge "based on conduct *he has observed*." *Schlumberger*, 113 F.3d at 1558. (Emphasis in Original). Conduct, however, "that occurred before the instant action was ever filed … could not be viewed as a challenge to the district court's authority in any way." *Id.* at 1560 n.7. Thus, "*Evans* controls here because this case involves a pre-trial motion for admission *pro hac vice*." *Id.* at 1560. *Evans* requires "a finding of disbarable conduct." *Id.* at 1559.

> The standards governing a district court's denial of a pre-trial motion for admission *pro hac vice* are set out in *Evans*: Absent a showing of unethical conduct rising to a level that would justify disbarment, the court *must* admit the attorney.

*Schlumberger*, 113 F.3d at 1561 (Emphasis in original). Another federal appellate court described the *Evans* rule as a "stringent standard" that permits denial of a *pro hac vice* application "only in rare circumstances." *In re United States of America*, 791 F.3d 946, 956 (9th Cir. 2015). Indeed, not even sanctionable behavior has occurred in the instant case.

---

[1] When the Eleventh Circuit was formed out of the Fifth Circuit in 1981, it adopted as binding precedent for itself and its district and bankruptcy courts the prior decisions of the Fifth Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

Moreover, Mr. Klayman will obey all of the rules of this Court and the Alabama state bar, and be subject to the oversight powers and authority of this Court, which he respects.

Contrary to the false *ad hominem* attacks by Defendants on his character, Mr. Klayman did not lie in his *pro hac vice* application and he provided all of the information that he was required to provide. If there is a procedural deficiency, he is happy to supplement the application. Mr. Klayman also respectfully requests, if there are any questions or issues that the Court may wish to address, that he be permitted to appear in person before the Court not just to show his respect for this Court, but also to answer and address them.

In this regard, in another case which Mr. Klayman filed for the Plaintiff, he was granted *pro hac vice* admission by a federal judge appointed by President Barack Obama. The judge obviously did not have any issue with Mr. Klayman's representation or appearance before him in the Southern District of New York, a liberal venue. *Moore v. Cohen*, 19-cv-4977 (S.D.N.Y.).

"[T]he practice of courts in most States is to allow an out-of-state lawyer the privilege of appearing upon motion, especially when he is associated with a member of the local bar." *Leis v. Flynt*, 439 U.S. 438, 441-442 (U.S. 1979). "[M]otions to disqualify counsel … should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co*., 689 F.2d 715, 722 (7th Cir. 1982). Thus, "disqualification of one's chosen counsel is an extraordinary measure that should be resorted to sparingly." *Metrahealth Ins. Co. v. Anclote Psychiatric Hosp*., 961

F. Supp. 1580, 1582 (M.D. Fla. 1997). Indeed, the Alabama Supreme Court has stated: "The right of private counsel of one's own choice is virtually absolute; and any denial of that right is subject to strict scrutiny ...." *National Filtronics, Inc. v. Sherwood Land, Ltd*., 428 So. 2d 11, 15 (Ala. 1983). The disbarment standard adopted by the Eleventh Circuit in *Evans* and *Schlumberger* is in keeping with these sentiments.

This case involves the exploitation by out-of-state political interests of lewd accusations directed at Plaintiff during a contest to fill a vacant U.S. Senate seat in 2017. Obtaining counsel to prosecute such a case has not been easy. *See* Declaration of Roy S. Moore. "A client may have a number of excellent reasons to select a nonlocal lawyer: … a client may be involved in an unpopular cause with which local lawyers are reluctant to be associated." *Frazier v. Heebe*, 482 U.S. 641, 650 n.12 (1987).

Mr. Moore is entitled to counsel of his own choosing in this case. Nothing in the ethical rules of this Court or in governing precedent counsels otherwise.

In sum, whether it is Mr. Klayman or someone else who represents Plaintiff Moore, they are entitled to be treated with respect and not vilified with offensive, unhinged false innuendo and statements. That Defendants would waste no time trashing Mr. Klayman as a tactical way to further harm his client, ironically underscores the alleged defamatory and other illegal conduct which caused the filing of the instant case.

Respectfully Submitted this 6th day of December, 2019.

*/s/ Melissa L. Isaak*
Melissa L. Isaak (ASB 4872 A59I)
melissa@protectingmen.com

The Isaak Law Firm
2815B Zelda Road
Montgomery, AL 36106
(334) 262-8200

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will give notice of the foregoing to all counsel of record.

Barry A. Ragsdale
Meghan S. Cole
Sirote & Permutt, P.C.
P.O. Box 55727
Birmingham, AL 35255

*/s/ Melissa L. Isaak*
Of Counsel