# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| ROY S. MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>GUY CECIL; PRIORITIES USA; SENATE MAJORITY PAC (SMP); BULLY PULPIT INTERACTIVE LLC; and WATERFRONT STRATEGIES,<br><br>        Defendants. | Civil Action<br><br>Case No. 4:19-cv-01855-CLM |

## NOTICE REGARDING DISCIPLINARY ACTION
## AGAINST PLAINTIFF'S COUNSEL

Pursuant to Local Rule 83.1(f), Defendants in this matter respectfully submit the following notice regarding disciplinary action taken by the District of Columbia Court of Appeals against Plaintiff's counsel, Larry Klayman. As explained below, prior to filing this notice, Defendants' counsel attempted to confer with Mr. Klayman on multiple occasions to avoid the need for Defendants to file this notice themselves.

1.      On June 11, 2020, the District of Columbia Court of Appeals issued a decision accepting its Board on Professional Responsibility's recommendation that Mr. Klayman be suspended from the practice of law for 90 days. *In re Klayman*, --- A.3d ---, 2020 WL 3088858 (D.C. Ct. App. June 11, 2020) (the "DCCA Order"). The DCCA Order concludes by instructing that "effective thirty days after entry of this order," *i.e.*, July 11, 2020, "Mr. Klayman is suspended from the practice of law."

*Id.* at *4.

2.This Court's Local Rule 83.1(f) provides that an attorney appearing in this Court *pro hac vice* "shall promptly notify the Clerk of this court upon [] being . . . suspended, or publicly disciplined by another court or disciplinary authority."

3.On June 15, believing Local Rule 83.1(f) required Mr. Klayman to notify this Court of his impending suspension, Defendants' counsel contacted Mr. Klayman to determine whether he intended to notify the Court of the DCCA Order. Mr. Klayman responded by indicating that, because he still had the opportunity to file a petition for rehearing en banc, he believed that the DCCA Order was not yet final and thus he had no obligation to notify the Court regarding the DCCA Order. Defendants' counsel took no further action.

4.According to the D.C. Court of Appeals' docket for Mr. Klayman's disciplinary proceedings, Mr. Klayman filed a "petition for rehearing" regarding the DCCA Order on June 25, 2020. The court denied that petition on July 6, 2020.[1]

5.On July 14, after determining that the D.C. Bar's website lists Mr. Klayman as under "disciplinary suspension," Ex. 1, Defendants' counsel contacted Mr. Klayman to determine whether, in light of the denial of his petition for rehearing,

---

[1] The D.C. Court of Appeals docket for Mr. Klayman's disciplinary proceedings can be found at: https://efile.dcappeals.gov/public/caseView.do?csIID=61571.

he intended to notify this Court of the DCCA Order. In response, Mr. Klayman asserted his view that the DCCA Order is still not final because on July 13 he filed a petition for rehearing en banc.

6.     The DCCA Order does not state that Mr. Klayman's suspension would be delayed in the event he filed a petition for rehearing or for rehearing en banc. The date on which Mr. Klayman's suspension is scheduled to take effect, pursuant to the DCCA Order, has now passed. At the time of this filing, the D.C. Bar's website lists Mr. Klayman as under "disciplinary suspension." Ex. 1.

7.     Defendants' counsel have not confronted a situation like this, in which they believe opposing counsel is currently suspended from the practice of law, but recognize that collateral proceedings regarding that suspension may still be ongoing. But as officers of this Court who owe a duty of candor and believe that Mr. Klayman is not complying with his obligations under Local Rule 83.1(f), Defendants' counsel believe it is their obligation to apprise this Court of the relevant circumstances so that it can determine whether further action is appropriate. For that reason, Defendants submit this Notice to the Court so that the parties can proceed as the Court deems appropriate in the circumstances.

Filed: July 17, 2020

Barry A. Ragsdale (RAG003)
Meghan S. Cole (SAL035)
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Birmingham, AL 35205
Tel.: (205) 930-5100
Fax: (205) 930-5101
bragsdale@sirote.com
mcole@sirote.com

Respectfully submitted,

/s/ *Marc E. Elias*
Marc E. Elias (admitted *pro hac vice*)
**Perkins Coie LLP**
700 13th St. N.W., Suite 600
Washington, D.C. 20005-3960
Tel.: (202) 654-6200
Fax: (202) 654-9106
MElias@perkinscoie.com

William B. Stafford (admitted *pro hac vice*)
**Perkins Coie LLP**
1201 Third Ave., Suite 4900
Seattle, WA 98101-3099
Tel.: (206) 359-8000
Fax: (206) 359-9000
WStafford@perkinscoie.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, I filed a copy of the foregoing Notice Regarding Disciplinary Action Against Plaintiff's Counsel with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


Melissa L. Isaak
The Isaak Law Firm
2815B Zelda Road
Montgomery, AL 36106

Larry E. Klayman
7050 W. Palmetto Park Rd., #15-287
Boca Raton, FL 33433

>   */s/ Marc E. Elias*
>   Marc E. Elias