UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **ROY S. MOORE,** **Plaintiff,** | ) ) ) |
| **v.** | ) Case No. 4:19-cv-1855 ) ) |
| **GUY CECIL, *et. al.*** **Defendants** | ) ) ) |

## Plaintiff's Response to Court's 5/18 Order

Plaintiff respectfully submits the following in response to the Court's May 18, 2021 order denying both Plaintiff's and Defendants' motions. First, purely for the sake of candor before the Court, Plaintiff's motion for reconsideration and/or interlocutory appeal (Doc. 66) did not seek to "recertify" the issue that Plaintiff understood to be certified by the Court in its March 31, 2021 order, to wit:

> In a defamation case filed by a public figure or public official, must the plaintiff plead facts that would establish that the defendant either intended to communicate the defamatory meaning of a word or knew of the defamatory meaning and was reckless in regard to it?

Doc. 62 at 2. Plaintiff understood the Court to have certified this question of law itself for interlocutory appeal. However, as Plaintiff explained in his motion for reconsideration and/or interlocutory appeal, we do not disagree with the question of

1

law which this Court and five other Federal Circuit Courts have accepted. Doc. 66 at 13. Plaintiff also pointed out that this was consistent with Alabama law. *Id.*

Plaintiff instead disagreed with the Court's application of this question of law to Plaintiff's pleadings and sought in his motion to have the Court's application of the law to the facts certified for interlocutory appeal instead. While the Court would have been completely within its power to have still denied granting certification on this issue, Plaintiff respectfully submits that, by construing Plaintiff's motion as one for "recertification" of the question of law found in the March 31 Order (which Plaintiff acknowledged as the correct question of law in his motion), the Court has summarily rejected Plaintiff's requests for certification of an interlocutory appeal on the Court's application of that question of law, the Court's intentional infliction of emotional distress analysis, the role of motive and ill will to actual malice, and the Court's dismissal of the digital ad and the other quotations from the mall ad.

Additionally, because of the Court's intervening May 18, 2021 order, Plaintiff did not have a chance to reply to Defendants' motion (Doc. 69) and response (Doc. 70). While the Court denied all relief, Defendants' response displays a disrespect not only for Plaintiff but also for this honorable Court. On page 11, Defendants stated: "assuming, for the sake of argument, that Moore was not soliciting sex from Wendy Miller when he approached her at the Gadsden Mall (*he was*)." Doc. 70, (emphasis added). Defendants now assert before this Court that Plaintiff was soliciting sex from

Wendy Miller despite having argued that their "TV Ad did not say that Moore solicited sex from Miller." Doc. 33 at 7. As the Court said in its first Memorandum Opinion, "what Defendants thought Moore wanted from Miller is not the test." Doc. 45 at 47. Defendants assert this despite the fact that the ad says: "'Moore was actually banned from the Gadsden Mall . . . for soliciting sex from young girls.' One he approached 'was 14 and working as Santa's helper [Miller].'" In a case where Defendants' reckless disregard for the truth is on trial, it is striking just how fast and loose with the truth Defendants are willing to be in this litigation.

This brand of litigation tactic has only served to make a complicated legal issue much more difficult on the parties and the Court (at the pleading stage before any discovery has been taken). This has not been a one-time occurrence, but rather a pattern of practice. Also in their last response, Defendants argue that they could not possibly have linked the dismissed quotations to the defamatory statement that Plaintiff was "actually banned from the Gadsden Mall . . . for soliciting sex from young girls." Doc. 70 at 21. In fact, they go so far to as say, "even if the final three quotations could be read *and* were intended to be read in combination with the quotation . . . each cited to a new story that referenced Moore's misconduct at the mall." Id. at 22 (emphasis original). The fact that Defendants cited the articles they intentionally took quotes out of context from is inconsequential. As the Court has said, "the test is whether Defendants changed the story." Doc. 45 at 47. And by

pairing the quotations in a themed "mall ad" where every background image is of a mall scene and the only quotation directly referencing a mall is "Moore was actually banned from the Gadsden Mall . . . for soliciting sex from young girls," Defendants not only changed the stories, but created their own.  All of the quotations were part and parcel of the overall defamatory TV ad which is exactly how Plaintiff plead the issue from the very beginning: as a "deliberately constructed maze of lies and deception." Doc. 1 at 8. Plaintiff maintains that the mall ad, as a whole, is actionable defamation.

Nevertheless, Plaintiff respects the Court's decision to split the quotations up and looks forward to continuing the discovery process and moving along this remaining portion of the case. Plaintiff recognizes that this has been a particularly complicated pleadings process for all involved due to the nature of the facts and legal issues.

**CONCLUSION**

Plaintiff will assume that the dismissal of Guy Cecil, Priorities USA, and Bully Pulpit Interactive is not a final judgment until the Court "determines that there is no just cause for delay," and a final judgment has been entered in a separate document, but until then, said order may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. See

4

Fed. R. Civ. P. 54, 58. Should the Court enter a final judgment as to those parties' dismissal, Plaintiff will pursue immediate direct appeal.

*/s/ Melissa L. Isaak*
Melissa L. Isaak
The Isaak Law Firm
2815B Zelda Road
Montgomery, AL 36106
Tel.: (334) 262-8200
Fax: (334) 819-4072
melissa@protectingmen.com

Larry E. Klayman (admitted *pro hac vice*)
Klayman Law Group
7050 W. Palmetto Park Road, #15-287
Boca Raton, FL 33433
(561) 558-5336
leklayman@gmail.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2021, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Barry A Ragsdale
Meghan S. Cole
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, AL 35205

Marc E. Elias (admitted *pro hac vice*)
Perkins Coie LLP
700 13th St. NW, Suite 600
Washington, D.C. 20005

William B. Strafford (admitted *pro hac vice*)
Perkins Coie LLP
1201 Third Ave., Suite 4900
Seattle, WA 98101

/s/ Melissa L. Isaak
Melissa L. Isaak