# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ROY S. MOORE,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 4:19-cv-01855-CLM** |
| ) | |
| **SENATE MAJORITY PAC (SMP)** ) | |
| **and WATERFRONT STRATEGIES,** ) | |
|     **Defendants.** ) | |

### PLAINTIFF'S ANSWERS TO THE DEFENDANT'S FIRST SET OF INTERROGATORIES

### INTERROGATORIES

**INTERROGATORY NO. 1:** List each item of compensatory and special damages that you claim in this case and the amount in damages you claim as a result.

    **ANSWER**: Emotional and physical distress, pain and suffering to include headaches, stomach cramps, loss of sleep, irritability, change in appetite, anxiety… Loss of reputation and standing in the community…Loss of income from speaking engagements, events, appearances, promotions, etc.  Loss of consortium and society…All in the sum in excess of $95 million as set forth in the Amended Complaint.

**INTERROGATORY NO. 2:** For each item of damages identified in response to Interrogatory No. 1, identify and describe in detail all baes for your assertion that any such damages were the direct and proximate result of the TV ad, as opposed to any other individual's public statements, commentary, or coverage related to any Minor-Interaction Allegation.

    **ANSWER**:  The above damages were the direct and proximate result of the defendant's TV and media representations that were made for political gain as set forth in the complaint. There were no "minor interaction allegations" alleging that I had solicited sex from any females

at the mall, nor that I had never been banned from the mall for the same. This ad was disseminated to several television stations in the State of Alabama, some stations which broadcasts reach outside of the state of Alabama, which were then picked up and published nationally and internationally. The ad could also be viewed online. The intentional and reckless delivery of the misinformation to the people of Alabama and those with access to the television stations and the internet caused significant damage to my good will and reputation, my ability to earn, my family and my overall health. These television ads were especially detrimental to the Plaintiff personally and professionally since they targeted the people of Alabama where the Plaintiff resides, is gainfully employed, was a candidate for public office, had held public office, where he had previously been held in high regard and where his family resides.

**INTERROGATORY NO: 3:** State the names and addresses of all hospitals, medical providers, mental health care providers, therapists, counselors, or others from whom you have received any treatment for mental or physical distress or any other conditions relating to the allegations in your Amended Complaint, including by indicating for such treatment (a) the condition for which treatment was sought; and ()b) the date(s) on which such treatment was provided.

    **ANSWER**: Plaintiff has not sought mental or emotional support of medical health care providers, therapists, counselors, etc., which Defendants would undoubtedly use to irreparably increase the damage to the Plaintiff.

**INTERROGATORY NO. 4**: Have you ever suffered from mental anguish, emotional distress, physical distress, or other similar or related conditions before the actions of the Defendant described in your Amended Complaint? If so, describe (a) each such condition, (b) the date(s)

during which you suffered from each such condition; and (c) any treatment you sought or received for each such condition.

**ANSWER**:  Yes.  Experienced lack of sleep, loss of appetite, mental anguish and attendant physical ailments, as well as standing within the political community and community at large.  November 9, 2017 false allegations which Defendants used to support their false and defamatory media advertisement for political and other gain set forth in the Complaint.  No medical or psychological treatment was sought as Defendants would undoubtedly use to this defame me further and thus irreparably increase the damage to the Plaintiff.  In addition to myself, my wife, children and  family suffer from these damages this each and every day. In short, Defendants set out to destroy to me politically but to harm me and my family personally.

**INTERROGATORY NO. 5**:  State the names and addresses of all persons with knowledge of any facts or information relevant to any of the claims, allegations or facts stated in your Amended Complaint.

**ANSWER**:  Plaintiff, wife Kayla, children and family…Ongoing discovery will provide names of Defendants, their agents, officers, and employees as well as others involved in Defendants ploy to destroy Plaintiff's reputation and life in general.  Address of Plaintiff and family will be sent via email to protect the privacy of the Plaintiff and his family.  Names and addresses of others with information relevant to any of the claims, allegations or facts stated in the Amended Complaint are as follows:

Barbara Robertson
1829 Eisenhower Street
Gadsden, AL 35904

Brenda Boyle
5102 Ridge Drive
Gadsden, AL 35907

James "Jamie" Jeffers
601 Webster Street
Gadsden, AL 35901


Det. Jimmy Flanagan
P.O. Box 2844
Mobile, AL 36652

Edward Steele
429 Greenspring Highway
161-804
Birmingham, AL 35229

Brendan Fischer
1101 14th Street NW
Suite 400
Washington, DC 20005

Johnny Adams
323 Main Street
Gadsden, AL 35901

Johnny Vaughn Sanders
218 Horton Avenue
Gadsden, AL 35901

Honorable Roy Moore
P.O. Box 159
Gallant, AL 35972

Kayla Moore
P.O. Box 159
Gallant, AL 35972

Caleb Moore
P.O. Box 159
Gallant, AL 35972

Ray Harbin
754 Yancey Drive
Gadsden, AL 35972

This response will be supplemented as more potential witnesses become known.

**INTERROGATORY NO. 6**:  Identify any business you owned, operated, managed, or worked at located in the Gadsden Mall.

**ANSWER**:  I have never operated, managed, or worked at any entity in the Gadsden Mall.

Sworn to under the penalty of perjury,

/s/Roy S. Moore          August 27, 2021
Roy S. Moore                       Date

Counsel for Plaintiff:

Melissa L. Isaak, Esq.
The Isaak Law Firm
2815B Zelda Road
Montgomery, AL  36106
Melissa@ProtectingMen.com

Larry  Klayman, Esq.
Klayman Law Group, P.A.
7050 West Palmetto Park Rd.
Boca Raton, FL  33433
klaymanlaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2021 I served a copy of the foregoing by email to the following recipients via the electronic filing system:

Barry A. Ragsdale (RAG003)
THE RAGSDALE LAW FIRM, LLC
2001 Park Place, Suite 1000
Birmingham, AL  35203

Meghan S. Cole (SAL 035)
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, AL 35205

Marc E. Elias, Esq.
PERKINS COIE LLP
700 13th St. N.W. Suite 800
Washington, DC 20005-3960

William B. Strafford, Esq.
PERKINS COIE LLP
700 13th St. N.W. Suite 800
Washington, DC 20005-3960