## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**ROY S. MOORE,**
    Plaintiff,

v.                                   Case No. 4:19-cv-1855-CLM

**SENATE MAJORITY PAC (SMP)
and WATERFRONT STRATEGIES,**
    Defendants.

## **ORDER**

Both parties seek sanctions against the other for discovery-related issues. (Docs. 120, 121). The court held a conference on these motions and rules on both as follows:

1. Defendants may depose Moore for 3 more hours.
    a. Moore must make himself available (in person or by zoom) on or before **March 18, 2022**.
    b. As discussed during the conference call, Defendants' questions must focus on the elements of Moore's claim or their defense—*e.g.,* falsity and damages.
    c. Objections must be limited to form.

2. Moore may depose SMP COO Karen Hancox and Waterfront CFO Bill Brocato for 2 hours each.
    a. Defendants must make these witnesses available (in person or by zoom) by **March 25, 2022.**
    b. Moore's questions should be limited to (a) the creation of the shopping mall ad (including the identity of persons involved) and (b) their personal knowledge of the document production in this case (including the search terms and custodians used).

3. Defendants shall produce to Moore the list of search terms and custodians they used by **March 10, 2022**.

4. Dispositive motions (if any) must be filed on **March 29, 2022.**
    a. Moore retains the right to file a Rule 56(d) motion in response. If he does, his supporting affidavit or declaration must explain the timing of his discovery requests and why it should not be held against him. *See, e.g.*, *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989) (affirming the denial of a Rule 56(d) motion when the movant "had ample time and opportunity for discovery, yet failed to diligently pursue his options"); Wright & Miller, *Federal Practice & Procedure (Civil, 4th ed.)* §2740 ("The rule will not be liberally applied to aid parties who have been lazy or dilatory.").

5. All other deadlines/dates remain, and the court will not change them absent good cause shown. And "good cause" will be strictly applied.

To the extent the motions seek any other sanctions or relief other than this, the motions are **DENIED**.

As discussed during the conference, the parties will conduct themselves with civility and decorum going forward. And the next party that files a motion for sanctions that the court denies will itself be sanctioned.

**DONE** and **ORDERED** on March 7, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE