FILED
2022 Aug-12 PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
AUG 12 2022
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

# FINAL INSTRUCTIONS

## 3.1 Introduction

Members of the jury: It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

## 3.2.2 The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

Defendant Waterfront Strategies has been dismissed from the case, which means you will decide Moore's two claims against Senate Majority PAC ("SMP"). That a political action committee is involved as a party must not affect your decision in any way. Corporations and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporate entity is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**3.6.1 Expert Witness**

During trial, you heard from an expert witness. When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

**2.1 Stipulations**

During the trial, I told you that the parties have agreed that these facts about the Shopping Mall ad are true:

> The Television Ad ran between November 27 and December 6, 2017 approximately 533 times, and the total cost incurred by Highway 31 for airing the Television Ad was approximately $574,754.

The parties' agreement is called a stipulation. You must treat these stipulated facts as proved for this case.

**3.7.1 Responsibility for Proof**

Moore is the plaintiff, and with one exception that I will discuss shortly, he has the burden of proving his case by what the law calls a "preponderance of the evidence."

**Preponderance of the evidence** simply means an amount of evidence that is enough to persuade you that Moore's claim is more likely true than not true. In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

Moore has raised two claims, and you should consider each claim separately. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Moore and for SMP as to that claim.

**Clear and convincing evidence:** Now, I told you there was one exception. Because the law considers Moore a public figure, he must prove that SMP acted with "actual malice" when it aired the Shopping Mall ad. To prove that SMP acted with "actual malice" Moore must prove that when SMP published the Shopping Mall ad, SMP knew that a statement in the ad was false or that SMP recklessly disregarded whether the statement was false or not.

Moore must prove "actual malice" by clear and convincing evidence, which is a degree of proof greater than a preponderance of the evidence. Clear and convincing evidence is proof that establishes that it is highly probable that when SMP published the Shopping Mall ad, it knew a statement in the ad was false or it acted with reckless disregard to whether it was false or not.

**7th Cir. 1.25 Multiple Claims**

Again, Moore raises two claims against SMP. You must consider each claim separately.

———

The court is now going to instruct you on the elements of Moore's claims.

6

## **Count 1: Defamation** (APJI 23.01, 23.03, *Masson*)

Moore's first claim is that SMP defamed him. Moore says that SMP published the Shopping Mall television ad about Moore, which juxtaposed these two quotes:

> "Moore was actually banned from the Gadsden Mall . . . for soliciting sex from young girls." One he approached "was 14 and working as Santa's helper."

Moore says that SMP combined these quotes to create a false statement that defamed him. Moore says that he was not banned from the Gadsden Mall for soliciting sex from young girls, including a 14-year old working as Santa's helper.

SMP says that the Shopping Mall ad was true or substantially true. And SMP says that it did not act with actual malice when it created and published the Shopping Mall ad because it relied on quotes from published reports.

To recover on this claim, Moore must prove four elements.

### A. Preponderance of the Evidence (Elements 1-3)

Moore must prove three elements by a preponderance of the evidence:

(1) that SMP made a false statement about Moore;

(2) the statement was defamatory; and,

(3) that SMP published the statement to another person.

Under the first element, Moore must prove that the statement I showed you was about him, and it was false. The statement can identify Moore by name or in a way that a reasonable person would identify Moore as the person the statement is about.

7

SMP says that the statement is substantially true. If SMP proves to your reasonable satisfaction from the evidence that the statement is substantially true, then Moore cannot recover. The term substantially true does not mean somewhat true or partially true. It does not mean the statement is true in every possible and unimportant respect. It means the statement is true without qualification in all material respects. What is material is what would naturally and probably affect Moore's reputation in the mind of the average lay viewer.

Under the <u>second element</u>, a statement is defamatory if it tends to harm the reputation of Moore and lower the community's judgment of Moore's worth or character or discourages others from associating with Moore. A defamatory statement includes whatever tends to impute fraud, dishonesty, or reflect shame on Moore. You must determine whether, in fact, the statement was defamatory. You will do this according to two rules:

1. You must review and interpret the statement in its entirety and in relation to the conception and opinion of the public at the time and in the community in which the statement appeared. You do not focus just on part of it.

2. You will give the statement its natural meaning, and according to the sense in which the statement appears to have been used and the idea it was meant to communicate to those who saw it. It must be construed and determined by the natural and probable effect on the mind of the average viewer.

Under the third element, SMP published the statement if SMP communicated it to someone else other than Moore. SMP is usually not responsible if others republish or repeat its defamatory statement. But if it was natural and probable that others would repeat or republish the statement, then SMP is responsible.

## B. Clear and Convincing (element #4)

If Moore proves the first three elements by a preponderance of the evidence, then he must prove a fourth element by clear and convincing evidence:

(4) that SMP published the statement with actual malice.

Let me start by explaining that ill-will, improper motive, and personal animosity are not proof of actual malice. Nor is the republication of other media reports, standing alone, proof of actual malice.

Rather, actual malice means proof that SMP knew that the Shopping Mall ad conveyed a false statement about Moore, or that SMP published the Shopping Mall ad with reckless disregard to whether the ad conveyed a false statement.

SMP acted with a reckless disregard if, at the time SMP published the Shopping Mall ad, SMP had a serious doubt that a statement conveyed by the ad was true, or SMP had a high degree of awareness that the ad conveyed a statement that was false. So you have to determine SMP's state of mind when SMP published the Shopping Mall ad. Moore must prove that SMP actually had a serious doubt that a statement in the ad was true.

You must not consider whether a reasonably prudent person would have published the Shopping Mall ad.

SMP had no legal duty to investigate the statements they made in the Shopping Mall ad, and you must not consider whether a reasonably prudent person would have investigated more before SMP published the Shopping Mall ad. That said, if you find that SMP failed to investigate because SMP intended to avoid the truth, you may consider this as evidence that SMP either knew a statement in the ad was false or acted with reckless disregard to whether a statement in the ad was false or not.

Here, Moore says that SMP's juxtaposition of quotes from different media reports within the Shopping Mall ad proves that SMP knew or recklessly disregarded that the Shopping Mall ad conveyed a false statement about Moore. The law says that you can find that SMP's juxtaposition of quotes from other sources proves SMP's knowledge of falsity or reckless disregard only if SMP's alteration of the quotes results in a material change in the meaning conveyed by the quotes.

So to prove the fourth element, Moore must prove that it is highly probable that, when SMP juxtaposed quotes in the Shopping Mall ad, SMP knew that it was materially changing the meaning of the quotes to create a false statement about Moore or that SMP acted with reckless disregard to whether it was materially changing the meaning of the quotes to create a false statement about Moore. In other words, Moore must prove that SMP intended to convey that Moore solicited sex

from Wendy Miller when she was 14, or SMP recklessly disregarded the possibility that an average viewer of the ad would believe that Moore solicited sex from Wendy Miller when she was 14.

If Moore proved all four elements, you must find for Moore and determine how much money to award him. If Moore did not prove all four elements, you must find for SMP.

### Count 2: Invasion of Privacy, False Light (APJI 35.03, *Masson*)

In Count 2, Moore says that SMP publicized false information about Moore and Moore was put in a false light in the public eye. Moore says the false information was that he was banned from the Gadsden Mall for soliciting sex from young girls, one of whom was a 14-year-old working as Santa's Helper.

To recover on this claim, Moore must prove four elements.

### A. Preponderance of the Evidence (Elements #1-2)

Moore must prove two elements by a preponderance of the evidence:

(1) SMP intentionally publicized false information about Moore;

(2) The information placed Moore in a false light in the public eye and the false light would be highly offensive to a reasonable person;

Under the first element, information is publicized if it is communicated to the public at large or to so many people that the information is substantially certain to become public knowledge.

## B. Clear and Convincing (Elements #3-4)

If Moore proves the first two elements by a preponderance of the evidence, then he must prove two more elements by clear and convincing evidence:

> (3) that SMP knew the information was false, or SMP acted with reckless disregard about whether it was false or not; and,
>
> (4) SMP knew the information would place Moore in a false light, or SMP acted in reckless disregard to whether Moore would be placed in a false light.

As I previously instructed you, SMP acted with a reckless disregard in the third element if, at the time SMP published the Shopping Mall ad, SMP had a serious doubt that information conveyed by the ad was true, or SMP had a high degree of awareness that the ad conveyed information that was false. So you have to determine SMP's state of mind when SMP published the Shopping Mall ad. Moore must prove that SMP actually had a serious doubt that information in the ad was true.

You must not consider whether a reasonably prudent person would have published the Shopping Mall ad. You must not consider whether a reasonably prudent person would have investigated more before SMP published the Shopping Mall ad. But if SMP failed to investigate because SMP intended to avoid the truth, this is evidence that SMP either knew information in the ad was false or acted with reckless disregard to whether information in the ad was false or not.

Here, Moore says that SMP's juxtaposition of quotes from different media reports within the Shopping Mall ad proves that SMP knew or recklessly disregarded

12

that the Shopping Mall ad conveyed false information about Moore. The law says that you can find that SMP's juxtaposition of quotes from other sources proves SMP's knowledge of falsity or reckless disregard only if SMP's alteration of the quotes results in a material change in the meaning conveyed by the quotes.

So to prove the third element, Moore must prove that it is highly probable that, when SMP juxtaposed quotes in the Shopping Mall ad, SMP knew that it was materially changing the meaning of the quotes to convey false information about Moore or that SMP acted with reckless disregard to whether it was materially changing the meaning of the quotes to convey false information about Moore. In other words, Moore must prove that SMP intended to convey that Moore solicited sex from Wendy Miller when she was 14, or SMP recklessly disregarded the possibility that an average viewer of the ad would believe that Moore solicited sex from Wendy Miller when she was 14.

If Moore proved all four elements, you must find for Moore and determine how much money to award him. If Moore did not prove all four elements, you must find for SMP.

## APJI 23.10 Compensatory Damages—Actual Harm

Moore asks for compensatory damages for emotional distress, mental anguish, and lessened reputation. You should award compensatory damages if Moore proved by a preponderance of the evidence that SMP's publication of the Shopping Mall ad caused Moore actual harm. These damages are an amount of money that fairly and reasonably compensates Moore for the emotional distress, mental anguish, and/or lessened reputation caused by the Shopping Mall ad.

## APJI 23.12 Nominal Damages

If Moore did not prove that SMP's publication of the Shopping Mall ad statement caused him substantial harm, you may award Moore nominal damages. Nominal damages are a very small amount, usually $1.00. The purpose of nominal damages is to clear Moore's reputation because the award shows that he won the lawsuit against SMP.

## 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

The fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that Moore should, or should not, prevail in this case. You will only determine an amount of damages if Moore first proves each of the elements on at least one of his two claims.

Ladies and Gentlemen, you now have been instructed on both counts brought by Moore. At this time, the attorneys for both parties will present their closing arguments, starting with Moore. Remember, anything the lawyers say is not evidence and is not binding on you. You must consider only the evidence that I have admitted in this case.

[ CLOSING ARGUMENTS]

### 11th Cir. 3.8.1 (cont.) Duty to Deliberate

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## 3.9 Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

In the jury room, you will have the exhibits, a copy of these instructions, and a verdict form.

### Explain verdict form

When you have completed the verdict form, you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the courtroom deputy. The deputy will bring it to me, and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.