**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION**

ROY S. MOORE,

    *Plaintiff,*

v.

                         Case No. 4:19-cv-01855-CLM

SENATE MAJORITY PAC,

    *Defendant.*

**PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE**

Plaintiff Roy S. Moore respectfully responds to the Court's Order to Show Cause (Doc. 266). Moore concedes that no authority supports a stay of the Eleventh Circuit's mandate (Doc. 265), or of the execution of its judgment, from this Court. This Court has held that it lacks jurisdiction to stay the mandate, *Hovater v. Equifax Servs., Inc.*, 669 F. Supp. 392, 393 (N.D. Ala. 1987); the filing of a petition for a writ of certiorari does not itself suspend a mandate's effect, *United States v. Elso*, 571 F.3d 1163, 1166 (11th Cir. 2009); and the statutory power to stay a judgment pending certiorari belongs to "a judge of the court rendering the judgment," here the Eleventh Circuit, or to a Justice of the Supreme Court, 28 U.S.C. § 2101(f). Moore accepts each of these propositions and asks for no relief inconsistent with them against Defendant Senate Majority PAC ("SMP").

Moore notes, for the Court's awareness, that he has filed, earlier on this same day, July 23, 2026, a petition for a writ of certiorari with the United States Supreme

Court seeking review of the panel's decision, *Moore v. Cecil*, 174 F.4th 862 (11th Cir. 2026).  A courtesy copy will be sent to the court forthwith.

Once judgment is entered, the steps that follow are governed by the rules themselves: Federal Rule of Civil Procedure 62(a) stays execution for thirty days of its own force, and any bill of costs is filed, briefed, and decided on the default schedule the rules and this Court's ordinary practice provide. Moore asks for nothing beyond the rules' own defaults, and he does not ask this Court to withhold or delay release of the supersedeas bond that SMP posted to secure the judgment during its appeal. Moore's emergency application for a stay was presented to Justice Thomas, as Circuit Justice, No. 25A1396, and was denied; any renewed application would likewise be made where the law assigns it, not to this Court.

## I. WHAT MOORE DOES NOT ASK, AND WHAT REMAINS WITHIN THIS COURT'S AUTHORITY

### A. Moore does not ask the Court to stay or disregard the mandate.

*Hovater* holds that a district court in this District "lacks jurisdiction" to stay an Eleventh Circuit mandate pending certiorari, because the judgment to be reviewed in the Supreme Court is the judgment of the court of appeals, and it is "not an appropriate function" of the district court "to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court." *Hovater*, 669 F. Supp. at 393. *Elso* confirms that a petition for a writ of certiorari does not "nullify or suspend the effect of" the court of appeals' mandate once issued. *Elso*, 571 F.3d at 1166. The weight of authority reads § 2101(f) the same way: the "court rendering the judgment" subject to certiorari review is the court of appeals, so the district court is

not the forum for a stay of execution pending certiorari. *See In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982); *William A. Graham Co. v. Haughey*, 794 F. Supp. 2d 566 (E.D. Pa. 2011). And where the court of appeals has already declined to stay its mandate, a district court may not use inherent authority to supply the equivalent relief: "a district court can exercise its inherent authority only consistent with [the] mandate," and a stay resting on the prospect of certiorari is foreclosed. *In re A.F. Moore & Associates, Inc.*, 974 F.3d 836, 842 (7th Cir. 2020). Moore accepts these propositions. He seeks no stay from this Court, disguised or otherwise; his emergency application for a stay was made to the Circuit Justice and denied, and any renewed application would be addressed to the forums § 2101(f) designates, not to this Court.

**B. What follows entry is already fixed by the rules: an automatic thirty-day stay and a default schedule for costs.**

Two narrow observations follow, and neither asks the Court to exercise any power the mandate withholds. First, no order of this Court is needed to pause execution briefly: under Rule 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." That stay operates by rule upon any judgment this Court enters; Moore requests nothing with respect to it. Second, taxation of costs is a collateral matter that the rules place on a default schedule of filing and briefing, and Moore asks only that those default schedules apply as they would in any case. As for the supersedeas bond, SMP posted it to secure the judgment Moore won at trial while SMP's appeal proceeded. Moore does not ask this Court to withhold or delay its release; if continued security

is warranted as a condition of any stay pending certiorari, that request belongs to the forums identified above.

The Supreme Court, for its part, retains jurisdiction to act notwithstanding issuance of the mandate. In *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 656 n.6 (1974), the mandate had issued before the Circuit Justice signed a stay, yet the stay "was treated . . . as staying all proceedings under the mandate," and the Court denied a motion to dismiss the writ as moot. The Circuit Justice denied Moore's emergency application, No. 25A1396, before the petition was filed; whether to renew that application under Supreme Court Rules 22 and 23 is a question for that forum, not for this Court.

## II. JUDGMENT SHOULD BE ENTERED, AND THE STEPS THAT FOLLOW SHOULD SIMPLY FOLLOW THE RULES

### A. The Court need not, and should not, evaluate the certiorari petition.

Under *Hovater*, it is not this Court's function "to pass on the likelihood that the ruling of a higher court will be accepted for review." *Hovater*, 669 F. Supp. at 393. *A.F. Moore* makes the same point: asking a district court to weigh the prospect that its own reversed judgment will be vindicated is "only a step removed from a court declaring that it was right all along." *A.F. Moore*, 974 F.3d at 841. Moore therefore offers no assessment of the petition's prospects and asks the Court to make none. Any renewed application for a stay of the judgment pending disposition of the petition would be presented to the Eleventh Circuit or to the Circuit Justice, the forums with statutory authority to grant one.

**B. The rules' default schedules prejudice no one.**

The course described here takes nothing from SMP. The jury's money judgment is already vacated by operation of the mandate, and no execution against SMP is pending or possible. Whenever judgment is entered, the thirty-day pause on execution that follows is supplied by Rule 62(a) itself and applies to every judgment of this Court, in every case, without any order. Costs are taxed on the schedule the rules already provide, exactly as they would be in any case. Moore requests no departure from any of these defaults, in either direction.

## CONCLUSION

For these reasons, Moore respectfully shows cause as follows. No authority permits this Court to stay the Eleventh Circuit's mandate or the execution of its judgment pending certiorari, and Moore seeks no stay, abeyance, or deferral from this Court. His petition for a writ of certiorari is filed this day. Once judgment is entered, the automatic stay of Rule 62(a) and the rules' default schedules for collateral matters operate of their own force, and Moore requests no order respecting them and no departure from them. The timing and manner of compliance with the mandate rest with the Court. Any renewed application for a stay pending certiorari would be made to the Eleventh Circuit or to the Supreme Court under 28 U.S.C. § 2101(f), not to this Court.

Respectfully submitted this 23rd day of July, 2026.

/s/ *Jeffrey S. Wittenbrink*
Jeffrey S. Wittenbrink
WITTENBRINK LAW FIRM
331 St. Ferdinand Street
Baton Rouge, LA 70802
(225) 308-6850
jwittenbrink@thelawyerbr.com
Counsel for Plaintiff Roy S. Moore

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2026, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which will send notice of electronic

filing to all counsel of record.

/s/ Jeffrey S. Wittenbrink